# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN MICHAEL HEAD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-25-1529-R |
| | ) |
| SCARLET GRANT et al., | ) |
| | ) |
| Respondents. | ) |

## REPORT AND RECOMMENDATION

Pro se Petitioner John Michael Head, an immigration detainee under an order of removal seeks habeas corpus relief under 28 U.S.C. § 2241. Doc.1.[1] United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 5. Because Petitioner is no longer in custody and this Court can grant no relief to Petitioner, the undersigned recommends the Court dismiss the petition and deny the outstanding motions as moot.

## I.    Petitioner's claims.

Petitioner states in his petition that an Immigration Judge (IJ) entered a final order of removal against him on October 6, 2006. Doc. 1, at 1 & Att. 1;

---

[1]    Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

Doc. 2. Immigration and Customs Enforcement (ICE) then released him on an Order of Supervision (OOS). Doc. 1, at 7 (seeking immediate release on his "previous order of supervision"). "ICE rearrested and redetain[ed]" him on June 12, 2025. *Id*.

In four grounds for relief, Petitioner complains ICE is violating his due process rights and its own regulations by keeping him in "prolonged detention" without a bond or custody review hearing, and by re-detaining him without prior notice or a change in his circumstances of release. *Id*. at 6-7. He requests this Court order his immediate release on his previous OOS, order a custody review "in front of a neutral decisionmaker," restrain Respondents from transferring him to another facility during the pendency of this action, and declare there is no significant likelihood that ICE can remove him in the reasonably foreseeable future. *Id*. at 7.

## II.    Respondents' response and notices to the Court.

Respondents filed a response to the petition. Doc. 10. They noted that Petitioner is a native and citizen of Brazil who entered the United States as a legal permanent resident in 1982. *Id*. at 1-2. After several criminal convictions, ICE placed Petitioner in removal proceedings and an IJ ordered his removal in 2006. *Id*. at 2. Enforcement and Removal Operations (ERO) was unable to

remove Petitioner to Brazil, so they released him on an OOS in January 2008. *Id*. at 2-3.

In May 2024, Petitioner completed a travel document and ERO sent it to the Brazilian consulate in Houston, Texas for approval. *Id*. at 3. Petitioner moved to reopen his removal proceedings in June 2024, which the immigration court denied in August 2024. *Id*. Respondents state petitioner appealed this denial, and the appeal is "currently pending." *Id*.

ICE detained Petitioner at his check-in appointment on June 12, 2025, and issued a "Warrant of Removal/Deportation." *Id*. Pending his removal, ICE detained Petitioner at the Cimarron Correctional Facility in Cushing, Oklahoma. Doc. 1, at 1. In August 2025, Petitioner filed a motion to stay removal in the Board of Immigration Appeals (BIA) "which is currently pending." *Id*.[2]

On December 10, 2025, ERO sent a travel document request to the Brazilian consulate in Houston. *Id*. At the time of the response on January 6, 2026, ERO was still facilitating Petitioner's removal to Brazil. *Id*. However, on January 12, 2026, Respondents filed a notice that they had scheduled

---

[2]     A review of Petitioner's BIA case information shows no pending hearings or appeals in the matter. *See* https://acis.eoir.justice.gov/en/caseInformation (A026-531-956) (last visited Mar. 4, 2026).

Petitioner to be moved "from [the Cimarron Correctional facility] in order to execute his removal to Brazil after the expiration of 72 hours." Doc. 11.[3]

On February 2, 2026, the undersigned ordered Respondents to update the Court on Petitioner's whereabouts. Doc. 14. Respondents filed a notice on February 12, 2026, stating that "Petitioner had been scheduled for removal." Doc. 18. Respondents moved Petitioner to the Pine Prairie Processing Center in Louisiana on February 9, 2026, and were removing him to Brazil on February 25, 2026. *Id*. The undersigned's check of the ICE detainee locator for Petitioner yielded no results as Petitioner is no longer in the system. *See* https://locator.ice.gov/odls/#/results (last visited Mar. 4, 2026).

## III.  Screening.

This Court must review a habeas petition and dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts;[4] *see also Garza v. Davis*, 596 F.3d

---

[3]  In its initial order for response to the petition, the undersigned ordered Respondents to provide the Court with at least 72-hours "advance notice" of their intent to move Petitioner. *See* Doc. 6, at 2. Petitioner objected to Respondents' notice stating he had no knowledge of the issuance of any travel document to Brazil. Doc. 12, at 2.

[4]  The Court may apply the Rules Governing § 2254 Cases to habeas petitions arising under § 2241. *See* Rule 1(b); *Whitmore v. Parker*, 484 F. App'x 227, 231 n.2 (10th Cir. 2012) ("The Rules Governing 2254 Cases may be applied

1198, 1205 (10th Cir. 2010) (holding that a federal court possesses "the discretion . . . to dismiss the 28 U.S.C. § 2241 petition if it appear[s] that the petitioner was not entitled to relief"). Having screened the petition, the undersigned recommends the Court dismiss the petition as moot.

## IV.    The petition is moot because Petitioner is no longer in custody.

"The writ of habeas corpus shall not extend to a prisoner unless . . . he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he 'in custody' requirement of § 2241 is satisfied" if a petitioner files the habeas application while they are incarcerated. *King v. Ciolli*, 2024 WL 1179908, at *2 (10th Cir. Mar. 19, 2024) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998), & *Riles v. INS*, 310 F.3d 1253, 1256 (10th Cir. 2002)).

A § 2241 petition must be filed in the district where the prisoner is confined. *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011). "[J]urisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985); *cf. Rumsfield v. Padilla*, 542 U.S. 426, 442 (2004).

---

discretionarily to habeas petitions under § 2241." (citing *Boutwell v. Keating*, 399 F.3d 1203, 1211 n.2 (10th Cir. 2005))).

Petitioner was confined in this district when he filed his § 2241 petition. *See* Doc. 1, at 1. But he is no longer in custody as Respondents have removed him to his home country of Brazil. *See* Doc 18. Although this Court's jurisdiction attached when Petitioner filed his habeas corpus petition, his release from custody renders his petition moot.

Under Article III of the Constitution, federal courts may only adjudicate live controversies. *See Alvarez v. Smith*, 558 U.S. 87, 92 (2009) ("An actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975))). A case becomes moot "if an event occurs while a case is pending . . . that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party . . . ." *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)).

"Mootness . . . is a fundamental bar to judicial review that must be accounted for at all stages of a proceeding, and applies in habeas as in any other type of litigation." *Miller v. Glanz*, 331 F. App'x 608, 610 (10th Cir. 2009). A habeas petition does not become moot merely because a petitioner is no longer in custody. Rather, the relevant inquiry is whether the petitioner is subject to collateral consequences "adequate to meet Article III's injury-in-fact requirement." *King*, 2024 WL 1179908, at *2 (quoting *Spencer*, 523 U.S. at 14).

6

Once Respondents released Petitioner from their custody, he no longer had a redressable injury arising from his "prolonged" detention. *See id.* (holding that a "petitioner must demonstrate some concrete and continuing injury" to overcome mootness after release from custody (quoting *Spencer*, 523 U.S. at 7)). So the best this Court could do would be to declare he was wrongfully in custody in the first place. But that determination and Petitioner's request for the Court to either stay or prevent Respondents from executing the removal order, is wholly outside this Court's jurisdiction. *See, e.g.*, *Olola v. U.S. Att'y Gen.*, 2018 WL 11446899, at *2 (D. Colo. Mar. 7, 2018) ("Applicant may not use a § 2241 habeas application challenging the lawfulness of federal custody to seek review of an order of removal in federal district court. . . . The courts of appeals are the sole and exclusive means for judicial review of challenges to removal orders, and district courts are divested of jurisdiction to do so." (citing 8 U.S.C. § 1252(a)(5)); *see also Ferry v. Gonzales*, 457 F.3d 1117, 1131 (10th Cir. 2006) ("The district court lacked jurisdiction to consider Ferry's petition insofar as it challenged the DHS's administrative order of removal."); *Essuman v. Gonzales*, 203 F. App'x 204, 211 (10th Cir. 2006) ("The Real ID Act eliminates a district court's jurisdiction over habeas petitions challenging final orders of removal." (internal quotation marks

7

omitted)); 8 U.S.C. §§ 1252(a)(5); (b)(8)(C); (b)(9). So the Court should dismiss the petition as moot.

## V.    Recommendation and notice of right to object.

Petitioner's release from custody and removal to Brazil renders his petition moot because there is no live case or controversy for this Court to decide. The undersigned therefore recommends the Court dismiss the habeas corpus petition as moot. Doc. 1. The undersigned also recommends the Court deny as moot Petitioner's motions to expedite. Docs. 15, 17.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of Court on or before March 18, 2026, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to file a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 4th day of March, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE